[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from the decision of the Commissioner of Motor Vehicles for the State of Connecticut, suspending appellant's right to operate a motor vehicle for 90 days pursuant to Conn. Gen. Stat. 14-227b(c) for appellant's operation of a motor vehicle while his blood alcohol level exceeded .10.
As part of his decision, the hearing officer concluded that the police officer had probable cause to arrest appellant for operating a motor vehicle while under the influence of intoxicating liquor, that appellant was placed under arrest, that he submitted to a chemical alcohol test and the results indicated at the time of the offense he had a blood alcohol level by weight of .10 or more and that he was operating a motor vehicle, which are the findings required by Conn. Gen. Stat. 14-227b(f).
The appellant is aggrieved by this decision in that it adversely affects a specific personal and legal interest, his right to operate a motor vehicle
The appellant contests the findings of the hearing officer as to probable cause to sustain the arrest and as to substantial evidence to determine that the blood alcohol content was above the statutory limit.
On the issue of probable cause, the appellant argues that the arresting officer did not have a reasonable and articulable suspicion of illegal activity to justify an investigatory stop in the first instance, citing State v. Cofield, 22 Conn. App. 10
(1990). The police officer was present and testified at the hearing. He testified that the basis for the motor vehicle stop was his observations of appellant making an improper, unsafe lane change in front of a tractor trailer truck and passing two cars on the right on a multi-lane highway. (Transcript, p. 16.).
The appellant claims that the police officer's testimony as to CT Page 9271 the reason for the motor vehicle stop was not credible. Obviously, if the trooper in fact observed a motor vehicle passing on the right and cutting off another vehicle on a highway, that would afford sufficient grounds for a motor vehicle stop. Thereafter, the odor of alcohol on the operator's breath coupled with the erratic driving, would give the officer grounds to continue his investigation by requesting field sobriety tests. Failure to perform the field sobriety tests together with erratic driving and odor of liquor on the operator's breath would support probable cause to arrest for operating under the influence of liquor.
The appellant claims in his trial brief that the arresting officer's testimony on cross examination as to the reason for the stop was "so equivocal that it is unbelievable and incredulous that the hearing officer could have found substantial evidence that the stop was justified in the first instance by any stretch of the imagination."
In any appeal, the reviewing court must defer to the trier of fact to assess issues of credibility and determine the facts. Lawrence v. Kozlowski, 181 Conn. 705, 708 (1976). This case presents a perfect illustration of the basis for such a rule, since this court cannot determine on a review of the transcript that any inconsistencies in the police officer's testimony resulted from an attempt to fabricate as opposed to the confusing manner in which the questions were being posed. A trier of fact has the opportunity to observe the behavior and demeanor of a witness to assess credibility. This court cannot independently assess the credibility of the police officer, nor is it required to under the appropriate standard for review. The hearing officer was free to accept or reject the police officer's testimony, and there was sufficient evidence contained therein to support a finding of probable cause. Since there was sufficient evidence to support his decision, this court cannot reverse it. Buckley v. Muzio,200 Conn. 1, 3 (1986).
Appellant also claims the probable cause determination was faulty because he introduced evidence at the hearing concerning preexisting medical conditions which he claimed would have precluded his ability to perform several of the field sobriety tests. Since both the officer and appellant agree these conditions were never discussed prior to the arrest, they had and could have no bearing on the issue of whether or not the officer had probable cause to believe any offense had been committed. In any event, plaintiff's own medical records reveal that in April, 1986, more than five years prior to the incident, both right and left legs, ankles and feet were examined to determine any disability from his left foot injury and he was discharged as completely recovered without any residual disability. (See Respondent's Exhibit 2). Further, his "severe allergy condition" did not require medical CT Page 9272 treatment until two days after the arrest. (See Respondent's Exhibit 3).
Appellant next argues that the Commissioner's hearing officer admitted the results of the blood alcohol test in error. Without those test results, the hearing officer then lacked substantial evidence that the appellant's blood alcohol level was over .10. Appellant argues that the requirements of Connecticut General Statutes 14-227a(c)(3) were not met, which statute provides that in any criminal prosecution such a report is admissible only if "performed by a person certified or recertified for such purpose". Appellant's argument is that the state trooper lacked the necessary credentials for recertification.
The Commissioner argues that the statutes and regulations governing admissibility of such reports in a criminal proceeding do not apply so as to preclude admissibility in an administrative license suspension hearing under Conn. Gen. Stat. 14-227b.
The short answer to these claims is that the state police trooper was recertified to operate a breath analysis instrument at the time of this arrest. (See Respondent's Exhibit 1). Appellant sought to have the hearing officer, and now this court, expand the inquiry to whether or not the officer should have been recertified, based upon the cross examination of the trooper, which revealed he had been tested for recertification but did not include mention of any further instruction since he completed his training the prior year. (Transcript, pp. 4-5.).
Without any expert testimony, case authority or other authoritative interpretation of the requirements for recertification under 14-227a-10(c)(2) of the regulations of the Department of Health Services, other than counsel's own interpretation, neither the hearing officer, nor this court, can determine whether the officer was properly recertified, even if that were an appropriate area for inquiry. On this record, the hearing officer had sufficient evidence to find that the trooper was recertified to operate the breathalyzer machine and the report was therefore admissible.
Further, even if counsel's interpretation of the regulations is correct, any training deficiencies would go to the weight of the evidence, not its admissibility. State v. Comollo, 21 Conn. App. 210
(1990). Whether or not a recertification certificate should be given effect is not one of the issues to be decided by the hearing officer or this court in an administrative license suspension hearing. Vlock v. Muzio, 204 Conn. 507 (1987).
For the foregoing reasons, the court finds no error. The appeal is dismissed. CT Page 9273
SEQUINO, J.